IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| William T. Benton,<br><br>      Plaintiff,<br><br>v.<br><br>Nancy A. Berryhill, Acting Commissioner of Social Security,<br><br>      Defendants. | C/A No. 0:17-cv-00008-DCC<br><br><br><br>**OPINION AND ORDER** |

  Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying his claim for Disability Insurance Benefits. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to a United States Magistrate Judge for pre-trial handling. The Magistrate Judge issued a Report and Recommendation ("Report") on December 8, 2017, recommending that the Court remand the case for further consideration by the Commissioner. ECF No. 20. Neither party filed objections to the Report.

  The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71. The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) ("[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to

accept the recommendation.'" (quoting Fed. R. Civ. P. 72 advisory committee's note to 1983 addition)).

In his Complaint, Plaintiff contends that the Appeals Council improperly failed to consider the vocational testimony of Dr. Benson Hecker. Having reviewed the record and applicable law, the Court agrees with the Magistrate Judge's finding that, "[a]lthough Dr. Hecker's deposition testimony occurred after the ALJ's decision, it clearly relates to the period on or before the date of the ALJ's decision in that it is vocational evidence concerning [Plaintiff's] past relevant work and the skills he may or may not have acquired through that work." ECF No. 20 at 8. This evidence could impact the ALJ's denial of benefits to Plaintiff. Having determined that the Appeals Council failed to consider proper evidence related to Plaintiff's alleged disability, the question remains as to the proper remedy.

Plaintiff has requested "outright reversal with a finding of disability" throughout these proceedings. ECF No. 14 at 22. While this Court has the statutory authority to reverse, 42 U.S.C. § 405(g), Plaintiff did not file objections to the Report. The record appears to provide a compelling case for an award of benefits. For example, the medical records of Plaintiff's treating physician—Dr. Duncan Tyson—support a finding of disabling back pain. *See, e.g.,* ECF No. 6-8 at 14–24. Yet, while the ALJ gave "great weight" to Dr. Tyson's opinion "that the claimant had no work related limitation to a mental condition, ECF No. 6-2 at 67, Dr. Tyson's opinions about Plaintiff's back pain were apparently given far less weight. Similarly, the ALJ gave little weight to the opinions of Plaintiff's spinal surgeon—Dr. W.S. Edwards—regarding Plaintiff's limitations. *See* ECF No. 6-2 at 67. Having reviewed Plaintiff's orthopedic and surgical records, this Court finds Dr. Edwards' opinion as to Plaintiff's limitations compelling.

*See, e.g,* ECF No. 6-8 at 60 ("It appears that he is unable to do the job duties of a corrections officer and I agree with medical retirement.").

However, in light of the procedural posture of this case, the Court cannot say that the Magistrate Judge's recommendation of a remand, as opposed to a reversal, amounts to clear error. Therefore, having reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge, the Court finds no clear error and adopts the Report by reference in this Order. Therefore, the case is **REMANDED** to the Commissioner.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.<br>United States District Judge

February 20, 2018
Spartanburg, South Carolina